IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JHONNATAN A. COTO-HENRIQUEZ, | : | CIVIL ACTION NO. 1:23-CV-271 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | : | |
| Respondents | : | |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Jhonnatan A. Coto-Henriquez, who is detained by United States Immigration and Customs Enforcement ("ICE") in Pike County Correctional Facility pending proceedings to remove him from the United States, seeks a writ of habeas corpus requiring the government to conduct a bond hearing or release him from detention. We will dismiss the petition.

### I. Factual Background & Procedural History

Coto-Henriquez was taken into custody by ICE in or around April 2022. (See Doc. 1-1 at 4; Doc. 1-2 at 5). He requested release on bond on April 14, 2022, pursuant to 8 C.F.R. § 236.1(c)(8). (Doc. 1-2 at 5). The request was denied by an immigration judge ("IJ") on April 27, 2022, based on a conclusion that Coto-Henriquez presented a danger to the community and a flight risk. (Id.)

Coto-Henriquez filed a request for bond redetermination on October 6, 2022, pursuant to 8 C.F.R. § 236.1(d)(1), arguing that his circumstances had materially changed to support a bond redetermination. (Doc. 1-2 at 5). The IJ denied the

request without a hearing on October 12, 2022.  (Id.)  Coto-Henriquez appealed to the Board of Immigration Appeals on October 19, 2022, and filed a second request for bond redetermination on October 20, 2022.  (Id. at 6).  The IJ denied the second bond redetermination request without a hearing on November 2, 2022.  (Id.)  Coto-Henriquez again appealed, through counsel, to the BIA.  (Id.)  His appeals were denied on February 3, 2023.  (See Doc. 1-1 at 3).

Coto-Henriquez filed the instant petition on February 8, 2023, and the court received and docketed it on February 14, 2023.  (Doc. 1).  Coto-Henriquez argues that his continued detention violates the Due Process Clause of the Fifth Amendment and seeks a writ of habeas corpus compelling the government to provide him a bond hearing at which the government bears the burden of proof or release him from custody.  (Id.; Doc. 1-1).

## II.     Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4.  District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241.  28 U.S.C. § 2254 Rule 1.

## III.    Discussion

We will dismiss this case pursuant to Rule 4.  The case is indistinguishable from and controlled by our court of appeals' decision in Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274 (3d Cir. 2018).  In Borbot, a petitioner detained pursuant to 8 U.S.C. § 1226(a) requested bond pursuant to 8 C.F.R. § 236.1(c)(8), but

his request was denied by an IJ.  Id. at 275-76.  He requested bond redetermination pursuant to 8 C.F.R. § 236.1(d)(1), but the IJ denied the request without a hearing.  Id.  The petitioner then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that his detention violated the Due Process Clause and requesting a bond hearing at which the government would bear the burden of proof.  Id. at 276.  The district court dismissed the petition, and petitioner appealed.  Id.

The court of appeals affirmed.  The court noted that the petitioner's argument for a bond hearing was based on two cases—Diop v. ICE, 656 F.3d 221 (3d Cir. 2011) and Chavez-Alvarez v. Warden York Cnty. Prison, 783 F.3d 469 (3d Cir. 2015)—where the court analyzed whether due process required the government to provide bond hearings to noncitizens detained pursuant to the mandatory detention provisions of 8 U.S.C. § 1226(c).  Borbot, 906 F.3d at 277.  The court rejected this argument, noting that reliance on Diop and Chavez-Alvarez was inappropriate for petitioners detained pursuant to 8 U.S.C. § 1226(a).  Id. at 278.  The court noted that in contrast to detainees detained pursuant to Section 1226(c), detainees detained pursuant to Section 1226(a) are statutorily entitled to a prompt bond hearing and can request bond redeterminations by showing that their circumstances have materially changed.  Id. at 278-79.  Thus, the court held that the petitioner was not entitled to a writ of habeas corpus because the process he was afforded pursuant to Section 1226(a) satisfied the Due Process Clause.  Id.  The court also rejected the petitioner's argument that the Due Process Clause requires the government to bear the burden of proof during Section 1226(a) bond hearings.  Id. at 279.

Coto-Henriquez is detained pursuant to 8 U.S.C. § 1226(a).[1]  Like the petitioner in Borbot, he is not entitled to a writ of habeas corpus because he was afforded all due process required by Section 1226(a) and its implementing regulations, including an initial bond hearing pursuant to 8 C.F.R. § 236.1(c)(8) and the opportunity to request bond redetermination pursuant to 8 C.F.R. § 236.1(d)(1).  See Borbot, 906 F.3d at 278-79.  His argument that the government must bear the burden of proof in Section 1226(a) bond hearings likewise fails under Borbot.  See id. at 279.  Hence, we will dismiss the petition because it is clear under Borbot that Coto-Henriquez is not entitled to habeas corpus relief.

---

[1] Coto-Henriquez's petition does not specify which statutory provision justifies his detention, but he appears to argue that he is detained pursuant to Section 1226(c).  (See Doc. 1-1 at 2-3).  The fact that Coto-Henriquez was provided an initial bond hearing and was given the opportunity to seek bond redetermination belies his argument and demonstrates that he is detained pursuant to Section 1226(a) rather than Section 1226(c).  Section 1226(c) mandates detention without a bond hearing of noncitizens who committed certain enumerated crimes.  See 8 U.S.C. § 1226(c); Gayle v. Warden Monmouth Cnty. Corr Inst., 12 F.4th 321, 328 (3d Cir. 2021) (citing Nielsen v. Preap, 586 U.S. __, 139 S. Ct. 954, 959 (2019)).  By contrast, detainees detained pursuant to Section 1226(a) are entitled to initial bond hearings and may seek bond redetermination.  Borbot, 906 F.3d at 275.  The government does not have discretion to detain noncitizens pursuant to Section 1226(a) when they are subject to mandatory detention under Section 1226(c).  Id. at 279.  Accordingly, the fact that Coto-Henriquez was afforded the process required by Section 1226(a) and its implementing regulations shows that he is detained pursuant to Section 1226(a) rather than Section 1226(c).  Moreover, even if Coto-Henriquez were detained pursuant to Section 1226(c), the court concludes that he has been granted sufficient process.  See id. at 278-79 (noting that, unlike petitioners in Diop and Chavez-Alvarez, petitioner in Borbot was granted meaningful process prior to seeking habeas corpus relief because he was given a bond hearing).

**IV.     Conclusion**

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     March 2, 2023